# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 1, 2011

Lyle W. Cayce
Clerk

No. 10-50318
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

SERGIO GARRIGOS-DIAZ, also known as Ernesto Hernandez-Diaz, also known as Sergio Girrigos-Diaz,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:09-CR-805-1

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Sergio Garrigos-Diaz appeals the 41-month sentence imposed following his guilty plea conviction for illegal reentry after deportation in violation of 8 U.S.C. § 1326.  On appeal, he raises two issues.  First, he contends that an appellate presumption of reasonableness should not apply to his within-guidelines sentence because the illegal reentry guideline, U.S.S.G. § 2L1.2, is not supported by empirical data.  As Garrigos-Diaz concedes, this argument is foreclosed by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009), and *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008) (per curiam).

Second, Garrigos-Diaz argues that his sentence is greater than necessary to achieve the sentencing goals outlined in 18 U.S.C. § 3553(a) and is thus substantively unreasonable because it fails to account for his history and characteristics, his benign motive for returning to the United States, his efforts at self-rehabilitation, and the remoteness of his attempted arson conviction. He further argues that use of the remote arson conviction to impose a 16-level enhancement under § 2L1.2(b)(1)(A)(ii) overstates the seriousness of both his instant illegal reentry offense and the arson conviction and that a guidelines anomaly permits classification of the arson conviction as a crime of violence for purposes of the 16-level enhancement but prohibits application of the lesser eight-level aggravated-felony enhancement under § 2L1.2(b)(1)(C).

These arguments are likewise unavailing. Garrigos-Diaz has failed to overcome the presumption of reasonableness that attaches to his within-guidelines sentence on appellate review. *See Duarte*, 569 F.3d at 530-31. His argument that the mitigating factors presented for the district court's consideration at sentencing should have been balanced differently is insufficient to disturb the presumption. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). Considering the totality of the circumstances, including Garrigos-Diaz's seven prior illegal reentry offenses and 10 other convictions, only one of which was counted in the calculation of his criminal history, the district court did not abuse its discretion in denying a downward variance or departure and instead imposing a within-guidelines sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Regarding Garrigos-Diaz's argument that a guidelines anomaly rendered his sentence unreasonable, the Sentencing Guidelines recognize that certain prior convictions may constitute one of the listed offenses under § 2L1.2(b)(1)(A)

but not an aggravated felony under § 2L1.2(b)(1)(C) and 8 U.S.C. § 1101(a)(43) and that, under these circumstances, "a downward departure may be warranted." *See* U.S.S.G. § 2L1.2, cmt. nn.3, 7.  After reviewing Garrigos-Diaz's sentencing memorandum, considering the request and supporting arguments made during the sentencing hearing for a below-guidelines sentence, and engaging in a lengthy discussion with both defense counsel and Garrigos-Diaz, the district court concluded that a sentence at the very bottom of the advisory guidelines range was indicated.  We will not vacate a within-guidelines sentence merely because a district could have decided to impose a different sentence.  *See Campos-Maldonado*, 531 F.3d at 339 ("Appellate review is highly deferential as the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." (citing *Gall*, 552 U.S. at 51)).

AFFIRMED.